UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRADLEY NAPIERKOWSKI,

                        Plaintiff,

v.                                                         9:09-CV-0601
                                                              (GTS)(GHL)

BRIAN FISCHER; HAROLD GRAHAM;
DOCTOR KOOI; and JANE DOE, Nurse at
Medical Department, Auburn Correctional
Facility,

                        Defendants.
_____

APPEARANCES:

BRADLEY NAPIERKOWSKI, 05-B-3560
  Plaintiff, *Pro Se*
Auburn Correctional Facility
Box 618
Auburn, NY 13021

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action is an Amended Complaint filed by Bradley Napierkowski ("Plaintiff"). (Dkt. No. 6.) Plaintiff submitted the Amended Complaint in compliance with this Court's Decision and Order of June 18, 2009 (the "June Order"). (Dkt. No. 5.) For the reasons set forth below, Plaintiff's Amended Complaint is accepted for filing, and the claims therein asserted against Defendants Brian Fischer and Harold Graham are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim upon which relief might be granted.

**I.        RELEVANT BACKGROUND**

By the June Order, the Court found that Plaintiff had failed to state a claim upon which relief could be granted pursuant to 42 U.S.C. § 1983 for two reasons: (1) he failed to allege facts plausibly suggesting that Defendants Brian Fischer and Harold Graham were personally involved in the violation of his constitutional rights; and (2) his allegations of negligence and his disagreement with the course of his medical care were not sufficient to state valid claims of deliberate indifference to a serious medical need under the Eighth Amendment.  (Dkt. No. 5 at 8-9.)  In light of Plaintiff's *pro se* status, he was given leave to replead his claims.  (*Id*. at 9.)  On July 16, 2009, he submitted an Amended Complaint in compliance with this Court's June Order.  (Dkt. No. 6.)

**II.       ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT**

    **A.        Plaintiff's Claims Against Defendants Fischer and Graham**

As an initial matter, Plaintiff has inserted Defendant Harold Graham's name into one sentence of his Amended Complaint.  (Dkt. No. 6, ¶ 6.)  Specifically, Plaintiff has alleged that "Defendant Harold Graham knows about Dr. Kooi and Nurse 'Jane Doe' intentional indifference and has failed to take corrective measures."  (*Id*.)  As a result, Plaintiff has raised the specter of the second and fifth prongs of the test to determine personal involvement of a supervisory official.[1]  However, he has not alleged any facts plausibly suggesting that Defendant Graham

---

[1] As explained in the Court's Decision and Order of June 8, 2009, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]) (other citations omitted).  A plaintiff may demonstrate that a supervisory official was personally involved in the alleged violation of his constitutional rights in several ways: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after

knew about the alleged intentional indifference while it was occurring such that he was able to prevent it from continuing.  (*See generally* Dkt. No. 6, ¶ 6 & "Attached Statement of Facts.")  As a result, the second and fifth prongs of the personal-involvement test do not apply under the circumstances.  *See Dallio v. Hebert*, 06-CV-0118, 2009 WL 2258964, at *4 (N.D.N.Y. July 28, 2009) (explaining that the second prong of the personal-involvement test is intended to refer, and is construed as referring, to ongoing constitutional violations that the supervisor can prevent from continuing) [citing cases].  Rather, the Court finds that Plaintiff has named Defendant Graham simply because he was the Superintendent of Auburn Correctional Facility during the time in question.

Moreover, Plaintiff still has not asserted any factual allegations regarding Defendant Brian Fischer.  (*Id.*)  Rather, Plaintiff has named Defendant Fischer only in the caption and listing of defendants.  (*Id.*)  Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate.  *Gonzalez v. City of N.Y.*, 97-CV-2246, 1998 WL 382055 at *2 (S.D.N.Y. July 9, 1998); *see also Crown v. Wagenstein*, 96-CV-3895, 1998 WL 118169, at *1 (S.D.N.Y. March16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *accord*, *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997).

---

being informed of the violations through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.  *Wright*, 21 F.3d at 501 (citing *William v. Smith*, 781 F.2d 319, 323-24 [2d Cir. 1986]).

3

Because Plaintiff has failed to allege factual allegations plausibly suggesting the personal involvement of Defendants Fischer and Graham in the constitutional violations alleged, his claims against Defendants Fischer and Graham are dismissed from this action.

### B.     Plaintiff's Claims Against Defendants Dr. Kooi and Nurse Jane Doe

In his Amended Complaint, Plaintiff also alleges that Defendants Dr. Kooi and Nurse Jane Doe were "<u>purposely</u> <u>indifferent</u>" to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. (Dkt. No. 6 at 6 [emphasis in original].) More specifically, Plaintiff alleges that Defendants Kooi and Jane Doe ignored his "delicate health condition" and that "Dr. Kooi's indifference towards plaintiff's health may have contributed in allowing the tumor to grow in plaintiff's head." (*Id*.) These factual allegations are sufficient to avoid *sua sponte* dismissal of Plaintiff's claims against Defendant Kooi at this point in the action, although the Court expresses no opinion as to the merits of any motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) that Defendant Kooi may choose to file.

<u>Finally, with regard to Plaintiff's claims against Defendant "Jane Doe," Plaintiff is advised that the United States Marshals Service cannot effect service on a "Jane Doe" defendant. In the event that Plaintiff wishes to pursue any claims against such an unidentified defendant, he must take diligent and expeditious steps to ascertain the identity of that defendant. Furthermore, upon learning the identity of the Jane Doe Defendant, Plaintiff must promptly and successfully move to amend his Amended Complaint in order to properly name her as a defendant. If Plaintiff fails to do these things so as to inhibit the timely service of process on her, this action will be dismissed as against her</u>.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is accepted for filing, but his claims therein against Defendants Brian Fischer and Harold Graham are **DISMISSED**; and it is further

**ORDERED** that, upon receipt from Plaintiff of the documents required for service of process, the Clerk of the Court shall issue a Summons and forward it, along with a copy of the Amended Complaint, to the United States Marshal for service upon Dr. Kooi, together with a copy of this Decision and Order. The Clerk of the Court shall also forward a copy of the Summons and Amended Complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Decision and Order; and it is further

**ORDERED** that a formal response to Plaintiff's Amended Complaint be filed by the Defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the Defendants; and it is further

**ORDERED** that Plaintiff take diligent and expeditious steps to ascertain the identity of the Jane Doe Defendant listed in the Amended Complaint, and, if appropriate, promptly file a motion to amend his Amended Complaint seeking permission to add such individual, by name, as a defendant to this lawsuit; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk of the Court shall be accompanied by a certificate setting forth the date on which a true and correct copy of the paper was mailed to the opposing party or his or her counsel. Any letter or other document received by the Clerk or the Court which does not include a proper certificate of service will be returned. Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are

<u>necessary to maintain this action</u>.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.

Dated: September 29, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge